PER CURIAM.
Defendant, Lawrence James Vickers [‘Vickers”], appeals the summary denial of his rule 3.800(a) motion. Vickers alleged in his motion that he was sentenced in three cases to seven and one-half years as a habitual felony offender for possession of cocaine with intent to sell or deliver, in violation of section 893.13, Florida Statutes (1997).
Vickers argues that the habitual felony offender statute does not authorize habitu-alization for a violation of section 893.13. A habitual felony offender sentence is authorized only when the felony for which a defendant is convicted and one of the two required prior convictions is not a violation of section 893.13. See § 775.084(l)(a)(3), Fla. Stat. (1997).
The trial court’s order speaks only to prior convictions, finding that Vicker’s pri- or record included many qualifying felonies. The trial court did not mention the offenses at conviction or attach any documents to its order.[1]
The State, in its response, acknowledges the correctness of Vickers’ statement of the law and the failure of the trial court to attach any documents to its order as required. The State refers us to the Florida Department of Corrections’ web site, which the State says shows that Vickers was convicted of two offenses in case number 02-482: sale, manufacture or delivery of cocaine, not possession; and battery on a law enforcement officer.
Because the pertinent records are not attached, we have gotten all the way through this appeal without knowing Vicker’s current conviction, prior record, or even what his sentence was. Accordingly, we reverse and remand to the trial court to attach to its order copies of the record sufficient to refute appellant’s claim.
REVERSED and REMANDED.
GRIFFIN, PLEUS and PALMER, JJ., concur.

. The appealed order implies that Vickers may have been sentenced as an habitual violent felony offender, rather than an habitual felony offender, as the court cites section 775.084(l)(b)l, the habitual violent felony subsection, and states that only one prior violent felony need be established.